NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| LOUIS PAUL TOSCANO, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 08-3779 (AET) |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| DEPARTMENT OF PERSONNEL | : | |
| OF THE STATE OF NEW JERSEY, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

THOMPSON, U.S.D.J.

This matter comes before the Court upon Plaintiff Louis Paul Toscano's Motion to Change Venue [5], Motion to Bar David Rosenblum from Participating Beyond the Role of a Witness [7], and Motion to Disqualify the State Attorney General's Office [8]. The Court has decided these motions based upon the submissions of the parties, without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons discussed below, Plaintiff's motions are denied.

BACKGROUND

Plaintiff files suit against the Department of Personnel of the State of New Jersey, the Department of Law and Public Safety of the State of New Jersey, Greystone Park Psychiatric Hospital, Hagedorn Psychiatric Hospital, Office of Personnel of the County of Morris, New Jersey, New Jersey Department of the Treasury, Division of Vocational Rehabilitation Services and New Jersey Protection and Advocacy (collectively "Defendants"). Plaintiff alleges

1

Defendants' conduct over a number of years thwarted his pursuit to secure and retain employment.

Plaintiff avers Defendants' behavior resulted in a sequence of adverse employment actions that Plaintiff contends arises from an impermissible consideration of his disability status, resulting in inappropriate hiring practices. Plaintiff argues Defendants improperly consulted work history and relied on employment references that Plaintiff considers to be unverifiable and unreliable. Plaintiff contends this practice resulted in defamation and rendered his ability to secure employment more difficult than it otherwise would have been. Plaintiff further alleges that his complaints of supposed discriminatory hiring practices were met with deficient assistance from state authorities. Plaintiff concludes this deficient assistance complicated and prolonged this litigation, and ultimately did not assist in serving his ultimate end: securing satisfactory employment.

## DISCUSSION

A.   Plaintiff's Motion to Change Venue

Plaintiff asserts that on January 31, 2008, he filed a Motion to Renew the Complaint and Motion to Consolidate that did not appear on the docket sheet, and, therefore, the Court lost these motions. Further, Plaintiff claims that the Court has lost six documents related to this case. Plaintiff interprets the lost documents as vindictive, and an inappropriate exercise of judgment. Therefore, Plaintiff requests a change of venue to Newark.

A motion to change venue to a more convenient forum is properly brought under 28 U.S.C. § 1404(a), which presupposes that venue is proper in the transferor court. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a

district court may transfer any civil action to any other district or division where it might have been brought." Before permitting such a transfer, a district court must consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). The burden of establishing the need for transfer rests with the movant. Id.

Here, Plaintiff, without citing any case law or statute, limited his discussion to the argument that the Court has been vindictive, and has exercised inappropriate judgment. While a court may transfer a case under 28 U.S.C. § 1404(a), *sua sponte*, Plaintiff has not proffered enough facts or evidence for this Court to transfer venue. Accordingly, the Court finds the current venue proper. Therefore, Plaintiff's Motion to Change Venue is denied.

B.      Plaintiff Motion to Bar David Rosenblum from Participating Beyond the Role of Witness

Plaintiff moves this Court to bar the participation of David Rosenblum in any role other than a witness. Plaintiff suggests David Rosenblum is an attorney for the State of New Jersey who allegedly gave false testimony against Plaintiff in administrative proceedings before the Merit System Board in relation to one of Plaintiff's employment grievances. Plaintiff's motion, however, lacks any further information as to the basis for disqualification, what role David Rosenblum may assume that Plaintiff finds objectionable, or any evidence in support of his argument. Plaintiff's motion fails to outline any basis that would give rise to the remedy Plaintiff seeks. Moreover, Plaintiff fails to support his motion with any case law or statute supporting his proposition. Accordingly, in the absence of more specific information outlining the reasons for his argument, Plaintiff's Motion to Bar David Rosenblum from Participating Beyond the Role of

Witness is denied.

C.      Plaintiff's Motion to Disqualify the State Attorney General's Office

Plaintiff argues that the State Attorney General's Office should be disqualified from this case. Plaintiff does not ground his motion on legal principle or any tangible factual incident. Instead Plaintiff lists many alleged instances which, if strung together, he believes renders the Office of the Attorney General biased against him. Plaintiff argues that the Office of the Attorney General was in a position to prevent this litigation had they more vigorously aided Plaintiff in his attempts to address his complaints and secure employment.

Plaintiff's argument suggests that his dissatisfaction from other subdivisions within the Office of the Attorney General renders the Department of Law and Public Safety unable to properly proceed in this matter. Besides lacking any factual basis or logical nexus which would raise a suspicion of impropriety, Plaintiff can point to no case law or statute to support his argument of disqualification.

Furthermore, irrespective of the deficiencies inherent in his argument, Plaintiff's motion disregards the size and scope of the party he seeks to disqualify. The Office of the Attorney General of the State of New Jersey oversees nine thousand employees, hundreds of whom are attorneys, across ten subdivisions. Defendants Division of Law, in their opposition to this motion, explain that the attorney handling the matter on their behalf has no history with any of the subdivisions complained of by Plaintiff, or with Plaintiff himself. Plaintiff's contention that the conduct of one subdivision of the Office of the Attorney General is objectionable does not warrant the disqualification of the entire office. See Gay v. Petsock, 917 F.2d 768, 771 (3d Cir. 1990). For the foregoing reasons, Plaintiff's Motion to Disqualify the Attorney General is

4

denied.

## CONCLUSION

For the reasons given above, and for good cause shown,

It is on this 17th day of November, 2008,

ORDERED that Plaintiff Louis Paul Toscano's Motion to Change Venue is [5] is DENIED; and it is further

ORDERED that Plaintiff Louis Paul Toscano's Motion to Bar David Rosenblum from Participating Beyond the Role of Witness [7] is DENIED; and it is further

ORDERED that Plaintiff Louis Paul Toscano's Motion to Disqualify the Office of Attorney General [8] is DENIED.

                                                s/ Anne E. Thompson
                                       ANNE E. THOMPSON, U.S.D.J.